# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY JOSEPH CRONIN, JR., | : | 1:10-cv-2253 |
| --- | --- | --- |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| STATE OF PENNSYLVANIA, | : | |
| Defendant. | : | |

## MEMORANDUM

## November 1, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On today's date Plaintiff Anthony Joseph Cronin, Jr. ("Plaintiff" or "Cronin") filed the above -captioned action in this Court pursuant to the "Election Laws of State Pennsylvania [*sic*]." Within his prayer for relief, Plaintiff prays that we stop the November 2, 2010 election "in the State of Pennsylvania & across United States" [*sic*], thus we shall construe this filing a Motion for a Temporary Restraining Order.

As noted above, Plaintiff filed its Complaint (Doc. 1) on today's date. Even accepting that Plaintiff is a layperson, the filing borders on unintelligible. Our best reading thereof leads us to conclude that Plaintiff has multiple grievances with

1

tomorrow's ballot as it relates to write-in candidates.  It appears that Plaintiff considers himself a write-in candidate for Governor of Pennsylvania, however, he desires to be affirmatively placed on the ballot.  Thus, Plaintiff requests tomorrow's election be stayed to allow him "time [to] complete process to appear as Candidate for Governor for Commonwealth [of] Pennsylvania."

The United States Court of Appeals for the Third Circuit has delineated four factors that a district court must consider when ruling on a motion for a preliminary injunction or temporary restraining order[1]: (1) whether the movant will be irreparably injured if the court denies the requested relief; (2) whether granting the requested relief will result in even greater harm to the nonmoving party; (3) whether granting the relief will be in the public interest; and (4) whether the movant has shown a reasonable probability of success on the merits.  *See Gerardi v. Pellulo*, 16 F.3d 1363, 1373 (3d Cir. 1994); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990).  The failure by a movant to establish any of the above elements will render a preliminary injunction inappropriate.  *See Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689, 692 (3d Cir. 1997).  When moving for a temporary restraining order, the movant bears the burden of

---

[1] The elements necessary to justify a preliminary injunction are the same as those necessary for a temporary restraining order.  *See Ride the Ducks, L.L.C. v. Duck Boar Tours, Inc.*, 2005 WL 670302, *4 (E.D. Pa. March 21, 2005).

establishing the elements in its favor, and the court is tasked with balancing all of the proper considerations to minimize the probable harm to the legally protected interests of either party between the time of the order and a hearing on the merits. *Constructors Ass'n of Western Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978).

Taking the last factor first, we find that Plaintiff has established absolutely no probability of success on the merits. Plaintiff has not provided, nor can we find, any basis upon which this Court can exercise jurisdiction over this matter inasmuch as Plaintiff has not made a constitutional or statutory claim. Plaintiff's grievances with Pennsylvania's election laws, if any he truly has, are better left to a court with original jurisdiction, namely the Commonwealth Court. Further, Plaintiff, a write-in candidate, cannot establish that he will be irreparably injured by failing to appear as an affirmative candidate on the ballot. Finally, to grant Plaintiff the relief he desires – suspension of tomorrow's national, or alternatively, state-wide election – is in complete contravention of the public interest. Thus, based on all of the foregoing, we shall deny the Plaintiff's Motion for Temporary Restraining Order.

Having denied Plaintiff's request for emergency relief, we now turn to a

review of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B)(I), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint in the lawsuit is deemed to be frivolous. In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To proceed a pleading "does not need detailed factual allegations, [however] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). In sum, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Moreover, *pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend,"

---

[2] We are permitted to screen the Plaintiff's Complaint under this statute in light of Plaintiff's application to proceed *in forma pauperis*.

unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

As noted above, Plaintiff's prayer for relief requests a suspension of tomorrow's national and state election so that he may be given appropriate time to complete the process to become a candidate on the gubernatorial ballot. Plaintiff does not request any other type of relief, which necessarily means that after tomorrow's election begins, Plaintiff's claim is moot. Inasmuch as Article III of the United States Constitution limits our jurisdiction to "actual cases or controversies," we must dismiss this action on mootness grounds. *See Ballentine v. United States*, 486 F. 3d 806, 814 (3d Cir. 2007)(citing U.S. Const. art. III, § 2). Further, we do not find any basis upon which to grant the Plaintiff leave to amend his Complaint, since the relief he requests – to be put on Pennsylvania's 2010 gubernatorial ballot – cannot be achieved by him after tomorrow.

Based on all of the foregoing, the Plaintiff's Motion for a Temporary Restraining Order (Doc. 1) shall be denied and this case shall be dismissed. An appropriate Order shall issue.